UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT JOHN GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES A. YATES, Warden, et al.,<br><br>    Respondents. | No. CV 11-7300-AHS (PLA)<br><br>**ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |

Petitioner initiated this action on August 30, 2011, by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. §§ 2244 and 2254 in the United States District Court for the Eastern District of California. On September 2, 2011, the action was transferred to this Court pursuant to 28 U.S.C. § 1391(b). The Petition challenges petitioner's 1973 state murder conviction.[1] In 1978, petitioner filed his first habeas petition in this Court, Case No. CV 78-2414-LEW (T), in which petitioner challenged the same conviction. (See Judgment in Case No. CV 78-2414-LEW (T)). The 1978 Petition was dismissed on the merits and judgment was affirmed on

---

[1] While the instant Petition does not explicitly state that petitioner was convicted of murder in 1973, petitioner does state that he initially challenged "his state convictions" in this Court in Case No. CV 78-2414-LEW (T) ("1978 Petition"). (Petition at 9). In his 1978 Petition, petitioner challenged his 1973 state murder convictions (see Docket Entry No. 5, Case No. CV 02-4413-SVW (CT), at 1), and it appears that he is challenging the same convictions here. (Petition at 6-13).

appeal. (See Docket Entry No. 3, Case No. CV 07-7459-AHS (CT), at 2). Subsequently, petitioner has filed numerous additional habeas petitions in this Court, with the instant Petition being the **seventeenth**.[2]

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

---

[2] The case numbers for petitioner's previous habeas petitions are: CV 78-2414-LEW (T); CV 82-3612-LEW (T); CV 82-5235-LEW (T); CV 88-5459-RMT (T); CV 88-7657-RSWL (T); CV 90-4615-MRP (CT); CV 93-00493-MRP (T); CV 99-10514-MRP (CT); CV 99-13573-MRP (CT); CV 00-00812-AHM (CT); CV 00-02681-R (CT); CV 00-4247-R (CT); CV 01-6503-HLH (CT); CV 02-4205-AHS (CT); CV 02-4413-SVW (CT); and CV 07-7459-AHS (CT).

Petitioner's 1978 Petition was dismissed on the merits in July of 1982. (See Docket Entry No. 3, Case No. CV 07-7459-AHS (CT), at 2). On November 10, 1981, the Ninth Circuit Court of Appeals considered on appeal an earlier dismissal of the same petition and affirmed the District Court on two issues on the merits and remanded one issue for consideration. (Id.) In August of 1983, the Ninth Circuit affirmed the District Court's final dismissal on the merits. (Id.) In petitioner's 2002 habeas filing in this Court, Case No. CV 02-4205-AHS (CT), the Court entered judgment denying and dismissing the petition without prejudice because it was a successive petition and petitioner had not obtained an authorizing order from the Ninth Circuit. (Id. at 2-3). On December 2, 2002, the Ninth Circuit denied petitioner's request for a certificate of appealability seeking permission to appeal from the judgment in that case. (Id. at 3).

In the instant Petition, petitioner appears to challenge the same 1973 conviction that petitioner challenged in his 1978 Petition, asserting, among others, the following grounds for relief: (1) the trial prosecutor suppressed exculpatory evidence; and (2) certain evidence admitted at trial should have been excluded. (Petition at 6-12). Even if petitioner has raised different claims in the instant Petition than those raised in his earlier petitions, these claims -- which all relate to events that took place during trial -- could have been raised in his 1978 Petition. Accordingly, given that the 1978 Petition was adjudicated on the merits and dismissed with prejudice, the instant Petition is successive.

Because petitioner has not presented any documentation showing that he has filed in the Ninth Circuit the requisite motion and received the requisite authorization to file a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b).[3] Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or

---

[3] Even if it were found that any or all of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A).

1  successive habeas application.'").  Absent the requisite authorization from the Ninth Circuit
2  allowing a successive petition, the instant Petition must be dismissed without prejudice.  See
3  Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition
4  without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

5  IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

7  DATED:     September 13, 2011              *ALICEMARIE H. STOTLER*
                                              HONORABLE ALICEMARIE H. STOTLER
8                                             SENIOR UNITED STATES DISTRICT JUDGE